IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CINDY ZUBER, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff, | ) | No. 2:21-cv-01777 |
| | ) | |
| vs. | ) | |
| | ) | |
| STATE FARM MUTUAL AUTOMOBILE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## AMENDED COMPLAINT

Plaintiff incorporates herein by reference thereto Paragraphs 1 through 12 of her Complaint as though fully stated and further avers as follows:

13. At the time Plaintiff purchased the State Farm policy, she elected the limited tort option to which Defendant accepted payments. Plaintiff, under the circumstances of this action, given the severity of her injuries, falls within an exception to the rule barring recovery or non-economic damages with respect to the limited tort option under Pennsylvania Law.

14. On October 28, 2020, counsel for Plaintiff advised Defendant of Plaintiff's intent to pursue an underinsured motorist claim.

15. On multiple occasions since the date of the crash, Plaintiff, by and through her counsel, has provided to State Farm medical records and reports concerning Ms. Zuber's condition, treatment and prognosis and has provided proof that the Plaintiff's claim against the tortfeasor settled for $90,000.00. Liability limits were afforded on the underlying third party claim in the amount of $100,000.00.

16.    Waiver of subrogation and consent to settle was provided by the Defendant regarding Plaintiff's claim against the tortfeasor.

17.    On April 9, 2021, Plaintiff, by and through her counsel, made a written demand for the underinsured motorists limits in the amount of only an additional $100,000.00 (At the time of this occurrence both the Plaintiff and her husband were insured by State Farm under policies of insurance providing UIM coverage in the amount of $50,000.00 each for a total of $100,000.00 UIM coverage).

18.    Plaintiff, by and through her counsel, presented the Defendant with a complete medical summary regarding all care and treatment rendered Plaintiff Cindy Zuber which included the initial hospital emergency room records from Mercy Hospital where she was treated October 9, 2018, as a result of being struck by a vehicle in the course and scope of her employment as a crossing guard. She sustained various injuries including undisplaced fractures of the right 11th and 12th ribs and L1 and L2 transverse process fractures.

19.    As a result of the aforementioned injuries and other serious injuries, Plaintiff was required to undergo extensive physical therapy treatment, osteopathic manipulative treatment (OMT), chiropractic treatment, steroid or pain relief injections to her lumbar spine and SI joint.

20.    Additionally, as a result of the injuries sustained in the motor vehicle collision, Plaintiff was rendered totally disabled from her time of injury employment for a period of approximately one year – October 19, 2018 through September 12, 2019.

21.    Plaintiff was paid workers' compensation wage and medical benefits totaling $41,116.67 through the foregoing period and as a result MRM Trust has asserted

a workers' compensation lien regarding any third-party recovery in the amount of $41,116.67.

22.   As of September 9, 2020, one of Plaintiff's treating physicians, Ryan Sauber, M.D., provided a diagnosis including T10 and T11 rib fractures, L1 and L2 transverse process fractures as well as sacroiliitis and right leg radiculopathy, all of which are related to the motor vehicle collision of October 9, 2018.

23.   Dr. Sauber was also of the opinion that the Plaintiff was not fully recovered and did not believe her symptoms would fully resolve at any time in the near future and that further medical treatment for these conditions was reasonable.

24.   The medical records, reports and other information supplied to the Defendant establishes clearly that the injuries and damages suffered by the Plaintiff are debilitating, permanent, and require ongoing medical treatment, and therefore as a result, a demand was made for the available underinsured motorists limits in the amount of $100,000.00 on April 9, 2021.

25.   Following the submission of a demand with supporting records and documentation by letter of April 9, 2021, attached hereto as Exhibit 1, Defendant made a meager offer of settlement in the amount of $10,000.00 by letter dated May 10, 2021, a copy of which is attached hereto as Exhibit 2.

26.   Given the above-described injuries together with the fact that Plaintiff was required to undergo extensive medical treatment from October 9, 2018 through October 17, 2019, together with the fact that a workers' compensation lien was asserted on the third party claim in the amount of $41,116.67, as well as being totally disabled from her time of injury employment for a period of approximately one year, and given the very

low offer of settlement on the UIM claim in the amount of $10,000.00, Plaintiff was compelled to file this Complaint.

27. Defendant has not made any reasonable offer of settlement or tendered its policy limits to Plaintiff.

## COUNT I

## BREACH OF CONTRACT

Plaintiff Cindy Zuber incorporates by reference the allegations contained in paragraphs 1 through 27 as though the same were set forth at length herein:

28. Plaintiff has fully complied with all the terms, conditions and duties required under the State Farm policy.

29. Defendant has failed to objectively and fairly to evaluate Plaintiff's claim.

30. Defendant has failed to reasonably investigate Plaintiff's claim in as much as a thorough and proper inquiry were to reveal that Plaintiff suffered serious, permanent debilitating injuries as a result of the collision.

31. As a pedestrian insured, Plaintiff is owed by Defendant a contractual and statutory obligation to investigate, evaluate and negotiate the underinsured motorist claim, in good faith and arrive at a prompt, fair and equitable settlement.

32. For the reasons set forth above, Defendant has violated its obligations under the policy of insurance.

WHEREFORE, Plaintiff Cindy Zuber respectfully requests that the Honorable Court grant judgment in her favor and against Defendant State Farm Mutual Automobile Insurance Company in an amount in excess of the underinsured motorist coverage

available to her, as well as interest, costs of the suit, and such other relief as this Honorable Court deems just and proper.

## COUNT II

## BAD FAITH

Plaintiff Cindy Zuber incorporates by reference the allegations contained in paragraphs 1 through 32 as though the same were set forth at length herein:

33. By failing to objectively and fairly evaluate Plaintiff's UIM claim, the actions of Defendant in the handling of Plaintiff's underinsured motorist claim constitutes bad faith as defined under 42 Pa. C.S. § 8371 as follows:

    (a)    in that Defendant made a low-ball settlement offer which had no reasonable relationship to insured's actual losses and damages;

    (b)    in that Defendant did not conduct a meaningful investigation of the Plaintiff's UIM claim in making a very low offer of settlement which bears no reasonable relationship to the insured's actual losses and damages;

    (c)    in failing to meaningfully investigate the Plaintiff's claim which included future medical treatment and the costs associated therewith; and

    (d)    in failing to conduct a meaningful investigation in that Defendant completely ignored or failed to account for the workers' compensation lien and the reduction of any third-party recovery as a result of the lien asserted; and

    (e)    in that Defendant failed to objectively and fairly evaluate Plaintiff's UIM claim.

34. An insurer such as Defendant has a contractual and statutory obligation to those such as Plaintiff.

35. At all relevant times, Plaintiff fully complied with the terms and conditions of the policy and all conditions precedent and subsequent to her right to recovery under the policy.

36. For the reasons set forth above, Defendant has violated the policy of insurance, its obligations as an insurer, has failed to act towards the Plaintiff in good faith, and has violated 42 Pa. C.S. § 8371 for which Defendant is liable for compensatory and punitive damages together with interest, attorney's fees and such other relief as the Court deems appropriate.

37. Defendant has engaged in wanton and reckless conduct with regard to the welfare, interest and rights of the Plaintiff and is liable for its bad faith conduct.

WHEREFORE, Plaintiff Cindy Zuber demands judgment against Defendant State Farm Mutual Automobile Insurance Company, and in favor, in an amount in excess of the arbitration limits for punitive damages, interest, cost of suit, attorney's fees and any other damages allowed by 42 Pa. C.S. § 8371.

RESPECTFULLY SUBMITTED,

*Jeffrey A. Pribanic*
JEFFREY A. PRIBANIC
Counsel for Plaintiff
PA ID No. 56808

**JURY TRIAL DEMANDED**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy oof the within Amended Complaint has been served via electronic service, this 28th day of December, 2021, upon the following:

>Mark A. Martini, Esquire
>Robb Leonard Mulvihill LLP
>mmartini@rlmlawfirm.com


>*Jeffrey A. Pribanic*
>JEFFREY A. PRIBANIC
>Attorney for Plaintiff